## SMITH v. CASTLE.

(Supreme Court, Appellate Division, Third Department.    March 11, 1903.)

1. WITNESSES—CROSS-EXAMINATION.
      In an action to recover a balance on an account, it was error to forbid defendant to cross-examine plaintiff on certain of the items sued upon.

2. ACTION ON ACCOUNT—EVIDENCE—STATE OF ACCOUNT.
      In an action to recover a balance on an account, it was error to permit plaintiff to testify that after all rent and taxes on a farm rented from defendant, and borrowed money, had been paid, according to agreement, in milk delivered, there was due the plaintiff a balance of $20.51.·

3. BEST AND SECONDARY EVIDENCE.
      In an action on an account, it was error to permit plaintiff to introduce in evidence a copied extract from books, claimed to be a part of them, when the books themselves were in court.

4. WITNESSES—CROSS-EXAMINATION.
      In an action on account for milk delivered, where plaintiff's wife testified that, when the milk was sold to defendant, nothing was said as to the price, it was error to exclude, on cross-examination, evidence that defendant asked that she should have the milk at the same price as was paid at the creamery.

Appeal from St. Lawrence County Court.

Action by Barney Smith against Maria Castle.    From a judgment of the County Court affirming a judgment of the Justice's Court for plaintiff, defendant appeals.    Reversed.    ·

Defendant was the owner of a farm which was rented for a money rent to the plaintiff.    The milk from said farm was taken to a creamery upon the agreement that the pay for said milk should be given to the defendant, who would be responsible to the plaintiff for any sum paid thereupon in excess of the rental agreed upon.    This action was brought to recover the sum of $29.36, claimed to be a balance due from the proceeds of the creamery over and above the rental agreed upon, and also for some milk which the plaintiff sold to the defendant, as well as for certain other charges for which the plaintiff claimed the defendant had become indebted to him.    The answer of the defendant denies substantially the allegations of the complaint, and sets up a counterclaim for money loaned, for potatoes sold, for a churn loaned, for

a calf sold, and for failure to perform the covenants of the lease in reference to plowing up certain lands, and for other damages claimed to have been suffered by the fault of the plaintiff. The case was brought to trial, and upon the trial the justice of the peace awarded judgment for $30 to the plaintiff.

Argued before PARKER, P. J., and SMITH, LYON, CHASE, and CHESTER, JJ.

John A. Smith, for appellant.

James O'Donovan (Watson B. Berry, of counsel), for respondent.

SMITH, J. There are a number of errors disclosed by the record which would seem to require a reversal of this judgment. As to part of the items upon which a recovery was had, the defendant was forbidden, under the objection of the plaintiff, from cross-examining the plaintiff; and the plaintiff was allowed to swear, over the objection of the defendant, that, after all rent and taxes and borrowed money had been paid by way of delivering milk to the creamery, there was due to the plaintiff from the creamery the sum of $20.51. The manager of the creamery was put upon the stand, and, while he had the books in court which showed the account for milk sold, plaintiff was allowed to put in evidence a copied extract from those books, claimed to be a copy of part of them. This was over the defendant's specific objection. The plaintiff's wife was sworn as to the milk that was sold to the defendant, and swore that nothing was said as to the price of the milk. Upon cross-examination she was asked if at the time the agreement was made the defendant did not ask that she should have this milk at the same price as was paid at the creamery. This evidence was excluded as incompetent, under the plaintiff's objection. These errors seem sufficient to call for a reversal of this judgment.

Judgment of County Court and Justice's Court reversed, with costs in both courts, and of this appeal. All concur.